# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

NICHOLAS DIVINITY                                                                    PLAINTIFF

V.                                                        CAUSE NO. 3:17-CV-622-CWR-FKB

ALLSTATE INSURANCE COMPANY,                                                        DEFENDANTS
*et. al*

## ORDER

Nicholas Divinity was injured in a car accident in November 2015.[1] The other driver's insurer paid Divinity the maximum compensation under the relevant policy limits. Believing this payment did not fully compensate him for his injuries, Divinity filed an underinsured motorist claim with his own insurer, Allstate. Allstate subsequently denied Divinity's claim. Divinity filed breach of contract and bad faith claims in state court against Allstate, Allstate's claim handlers, and Allstate agent Gwen Hemphill.[2] Allstate has removed that suit to this Court, and moved to have Hemphill dismissed as an improperly joined defendant.[3] For the reasons stated below, that motion is GRANTED.

**I.      Discussion**

The threshold question here is whether Hemphill should be dismissed as an improperly joined defendant. Once this issue is resolved, the remaining question is whether this Court can assert diversity jurisdiction over this case. These questions are addressed below.

---

[1] The facts and allegations in this paragraph are derived from Divinity's complaint. Docket No. 1-1.
[2] Gwen Hemphill does business as "Gwen Hemphill Allstate Insurance Agency, LLC," and is listed as such in the pleadings.
[3] Docket No. 4.

### A. Is Hemphill An Improperly Joined Defendant?

Hemphill will be dismissed as an improperly joined defendant if Divinity "cannot establish" a claim against her.[4] Divinity is presumed to be able to establish such a claim, so long it is "clearly stat[ed]" in his complaint.[5] A claim is clearly stated when it alleges "enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or element."[6] This presumption can be rebutted only if Allstate "put[s] forward evidence that would negate a possibility" that Hemphill is liable under that claim.[7]

Divinity's complaint includes claims for breach of contract and bad faith against Hemphill. Divinity has also articulated a claim against Hemphill for tortious misrepresentation.[8] This claim cannot be considered here, as it was made in a post-removal filing.[9] Therefore, only the two claims alleged in Divinity's complaint are discussed below.

#### 1. Can Divinity Establish A Breach Of Contract Claim Against Hemphill?

Divinity's complaint clearly states a breach of contract claim against Hemphill. To be liable on this claim, Hemphill must have breached Divinity's insurance contract.[10] Divinity alleges that Hemphill was a party to that contract, and breached it by failing to pay Divinity's claim as she was obligated to under the contract.[11] This claim alleges enough fact to raise the necessary "reasonable expectation" that subsequent discovery will reveal relevant evidence.

---

[4] *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).
[5] *Id*. at 650.
[6] *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citation and quotation marks omitted).
[7] *Travis*, 326 F.3d at 650.
[8] Docket No. 6 at 6 (alleging that Hemphill is "guilty of making misrepresentations" during the sale of insurance to Divinity).
[9] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) ("Post-removal filings may not be considered [on improper joinder motions] to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court."); *Flagg v. Stryker Corp*. 819 F.3d 132, 137 (5th Cir. 2016)(Jurisdictional facts are determined at the time of the removal, and the district court "must examine plaintiff's possibility of recovery against the defendant *at the time of removal*.") (emphasis in original).
[10] *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224–25 (Miss. 2012).
[11] Docket No. 1-2 at 9.

Allstate, however, has submitted a copy of Divinity's insurance policy, which establishes that Hemphill was not a party to that contract.[12] This evidence negates any possibility that Hemphill could be liable on a breach of contract claim.[13] Divinity thus cannot establish this claim.

### 2. Can Divinity Establish A Bad Faith Claim Against Hemphill?

Divinity's complaint fails to clearly state a bad faith claim against Hemphill. To be liable on this theory, Hemphill must have "deni[ed]" Divinity's insurance claim with "malice [or] gross negligence or reckless disregard for the rights of others."[14] Hemphill may be liable even if she is not a party to the contract, so long as she had "some direct, personal participation" in the denial.[15]

Divinity alleges that Allstate – "acting through its agent [Hemphill], officers and employees"– denied Divinity's claim with "malice."[16] But the only facts included in this allegation establish that Hemphill's role in this dispute was far from "direct" or "personal," as she simply sold the relevant insurance contract to Divinity's parents.[17] Even without these facts, the remaining allegation amounts to "little more than a formulaic recitation of the elements of a cause of action," which "will not do" to state a claim.[18] As such, Divinity cannot establish a bad faith claim against Hemphill.

---

[12] Docket No. 4-3.
[13] *Thomas v. Allstate Vehicle & Prop. Ins. Co.*, No. 1:17CV64-LG-RHW, 2017 WL 2174961, at *2 (S.D. Miss. May 17, 2017) (a "possibility of any breach of contract claim" is eliminated when there is "no allegation that [insurance agents] were parties to the insurance contract, and the policy attached to the Complaint establishes otherwise").
[14] *Universal Life Ins. Co. v. Veasley*, 610 So. 2d 290, 292-93 (Miss. 1992).
[15] *Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000) (citation omitted).
[16] Docket No. 1-2 at 10-13.
[17] *See* Docket No. 6-1.
[18] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B. Can This Court Assert Diversity Jurisdiction?

This Court can assert diversity jurisdiction when (1) the amount in controversy exceeds $75,000, (2) there is complete diversity amongst the parties, and (3) it shares a location with the state court where the removed action is pending.[19]

These elements are present here. First, Divinity seeks damages that include "the sum of all benefits due" to him under the policy, which he claims was $179,000 – well above the amount in controversy requirement.[20] Second, there is complete diversity amongst the parties. Divinity is a citizen of Mississippi.[21] Allstate is a citizen of Delaware and Illinois.[22] The citizenship of Allstate's claims processing agents is immaterial, as they are "defendants sued under fictitious names."[23] Finally, this Court shares a location with the Seventh Circuit Court District, where the removed action is pending.[24]

### II. Conclusion

Given the above, Allstate's motion must be GRANTED. Hemphill is dismissed from this action, and this Court will assert diversity jurisdiction over the remaining dispute. Within 10 days, the parties are instructed to contact the chambers of the Magistrate Judge to schedule a Case Management Conference.

**SO ORDERED**, this the 12th day of October, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[19] *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 248 (5th Cir. 2011) (citing 28 U.S.C. § 1332).
[20] Docket No. 1-2 at 8, 13-14.
[21] *Id*. at 4.
[22] Docket No. 1-B.
[23] Docket No. 1-2 (listing Allstate's claims processing agents as "John Does 1-5"); 28 U.S.C.A. § 1441 ("In determining whether a civil action is removable on the basis of [diversity jurisdiction,] the citizenship of defendants sued under fictitious names shall be disregarded.").
[24] Docket No. 1-2.